## No. 5207.

### William Bogel vs. Teutonia National Bank.

The cashier of a bank draws a note to the order of A, who discounts the note at the bank and deposits the proceeds of it there. A is a regular customer of the bank, and the cashier is his attorney in fact, authorized to transact all his bank business. The note falls due and is not paid. No protest of the note is made. The cashier instructs that the amount of the note be charged to A's account, which is done. A protests against it, but only to the cashier, to no other officer of the bank. A's account after that is balanced several times with the amount of the note always standing against him, and he makes no objection to it. After considerable delay he sues the bank for the amount of the note.

*Held*—That he can not recover; that the amount of the note was charged to him by order of his authorized agent, and by failing to object to it when his account was so often balanced he *acquiesced* in the instructions given by his agent, the cashier.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. C. T. Bemiss,* for plaintiff and appellee. *Kennard, Howe & Prentiss.* for defendants.

Morgan, J. A note drawn by J. M. Wagner and indorsed by William Bogel, for six hundred dollars, was discounted by the Teutonia National Bank, and the proceeds, less the discount, were placed to Bogel's credit, and were used by him. Wagner was the cashier of the bank, and was, also, Bogel's attorney in fact, authorized to transact his bank business, When the note fell due neither Wagner nor Bogel were in the city. It was not protested. Some time after Wagner returned, his attention was called to the fact, and the amount of the note was charged to Bogel's account. Bogel was a customer of the bank. When his account was balanced he called on the cashier and told him that there was error in charging him with the note in question, and he claimed that he was dis-

67

charged from responsibility thereon because it had not been protested. No correction was made of his account, which was several times afterward balanced without objection from him. Eighteen or nineteen months after his account was balanced he claimed the amount of the note from the bank, and on its refusal to pay instituted this suit to recover it.

It is evident that if he succeeds in his effort he will recover from the bank six hundred dollars without any consideration therefor, and the bank will be without any recourse, for its former cashier, and Bogel's agent, who drew the note and who was responsible to the bank, has left the State.

As Wagner was authorized by Bogel to transact his bank business, he was authorized to cause the amount of the note to be charged to Bogel's account, and although Bogel objected to this at the time to Wagner, but not to any other officer of the bank, and several times accepted his account as balanced by the bank without its being corrected in that particular, he must, we think, be held to have acquiesced in the act of his agent, which, after all, was only in discharge of a debt which he owed.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that there be judgment in favor of the defendants, with costs in both courts.

---

WYLY, J., *dissenting.* Defendant, who was sued for an alleged balance of account of $564 76, appeals from the judgment herein in favor of plaintiff for said amount.

The material facts are: Plaintiff kept an account with the defendant bank; in July, 1871, he obtained the discount of the note of J. M. Wagner for six hundred dollars, payable to the order of and indorsed by plaintiff, and the account of the latter was credited with the proceeds of said note; Wagner was the cashier of the bank; he also held the power of attorney of plaintiff; when the note matured in August, 1871, it was not protested, because, says one of the witnesses, Wagner was absent from the city on business for the bank, and had requested if the note matured in his absence and "Bogel was not in the city, to let it lay over until his return;" and this witness further stated that at the maturity of the note he sent to Bogel's office and was informed he was absent at Jefferson, Texas; Bogel, however, testifies he was in the city at the maturity of the note, and that Wagner was absent at the time the note was discounted, and continued to be absent till after the maturity of the note; the note matured August 21, 1871; plaintiff's bank-book was balanced in September, 1871, also on the seventeenth of February, 1872, and the said note was not charged up; it was charged up when the book was bal-

anced in May, 1872, nine months after the maturity of the note; thereupon plaintiff went to the cashier and objected to it, because, as he says, "he did not owe it; it had not been protested." The entry of the note in the bank-book continued each time it was balanced down to the institution of this suit in 1873 without further objection by plaintiff. The reason why the note of Wagner, which was indorsed by plaintiff, was not protested, and the circumstances in relation to it, are thus stated by one of the clerks of the bank who testified in behalf of defendant: "Upon consulting the vice-president of the bank, knowing that Mr. Wagner held the power of attorney for Bogel and acted as agent, he deemed it unnecessary to have it protested, because it would be arranged on the return of Wagner from the North in a month or six weeks. Mr. Wagner returned, and I presented him the note saying it had not been charged up. He took the note and said nothing further about it and placed it in the portfolio, until some six or seven months afterward the directors directed an · examination to be made of the portfolio of the bank and discovered six hundred dollars missing. Having traced the matter through all the books and found it was this note Mr. Wagner discounted for account of Wm. Bogel, I told Wagner the fact. He went to the portfolio and brought out the note. He said it was an omission on his part, and should have been charged up at the time to Bogel. · This was May 23, 1872. I made a note of it, and asked the book-keeper to charge it to the account of Bogel, and directed him to send immediately for the book of Bogel and have it balanced, with this charge included, and re- · turn him the note. This was done two days after the note was charged up; the book and the documents were returned to Bogel. This book, at the request of Bogel, was subsequently balanced in July; again it was balanced in the month of September the same year. Bogel went to Europe last year in May, and his book was again balanced at his request. During the whole time I heard nothing of the note at all until November, acting cashier of the bank Bogel came in and said he had a claim against the bank. This was after Wagner's departure. Something surprised, I asked the nature. He told me the note never was protested, and he was going to sue the bank for it. This was nineteen months after the note was charged up. In the interim I heard nothing of it. No protest from Bogel, and inasmuch as the book was balanced two days after it was charged and returned to him, I presumed he acquiesced in the settlement. I have heard nothing more about it."

The theory of the defense is: The note was an accomodation note; that Bogel actually got the money as was intended; that Wagner, in directing the note not to be protested and subsequently to be charged up to Bogel, acted for Bogel under the power of attorney he held from him; that if authorized to give such instruction his act was acquiesced

in, or the charging up of the note in the bank-book was acquiesced in by Bogel, and impliedly ratified.

The difficulty is: There is no proof showing the note was an accommodation note, and that Wagner had authority, express and special, to act in the manner stated in behalf of Bogel and thereby to bind him. When Wagner, nine months after Bogel had been discharged as an indorser for want of notice of dishonor, directed the note to be charged up to Bogel, he did not bind the latter unless he had special authority from Bogel to do so, and such authority is not·disclosed in the evidence. Besides, Wagner was not in a position to represent Bogel in this matter under the power of attorney he previously held (the extent of which is not given in the evidence), because in this instance his individual interest was in conflict with his duty as a fiduciary. He was the maker of the note, primarily and absolutely bound for its payment, while Bogel was an indorser who had been discharged from the obligation, therefore when he directed the note to be charged to Bogel he was releasing himself and binding his principal. The act of Wagner, directing the charging up of Bogel's account with the note in question, and the entry when Bogel's bank-book was balanced in May, 1872, showing that Bogel was charged with the note nine months after his discharge as an indorser, were not acquiesced in and impliedly ratified by Bogel, because the proof shows when informed of the entry in the bank-book he went to Wagner, the cashier, the proper officer of the bank, and objected to it, saying he " did not owe it (meaning the note); it·had not been protested."

After promptly objecting to the entry of the note when it was first included in balancing his bank-book, Bogel was not bound to repeat his objection at subsequent periods when the bank-book was balanced. Nor was he bound to discontinue business with the bank in order to preserve his rights in the premises. He had been discharged from his obligation as an indorser, and there is nothing disclosed in the evidence to justify the conclusion that he subsequently incurred liability on account thereof.

I therefore dissent in this case.